LDM:DLB
F.#2012
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

**MC 12-341**

In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT IN
NEW YORK COMMERCIAL BANK ACCOUNT
NUMBER #130019071, LOCATED IN
RONKONKOMA, NEW YORK, HELD IN THE
NAME OF BI-COUNTY DISTRIBUTORS, INC.,
UP TO AND INCLUDING ONE MILLION FOUR
HUNDRED SEVENTY-SIX THOUSAND NINE
HUNDRED NINETY-TWO DOLLARS AND NO
CENTS ($1,476,992.00), AND ALL
PROCEEDS TRACEABLE THERETO,

-------------------------------X

AFFIDAVIT IN SUPPORT
OF SEIZURE WARRANT

CASE NO.

        MICHAEL KEARNS, being duly sworn, deposes and states
as follows:

        1.    I am a Detective with the Nassau County Police
Department, Asset Forfeiture Unit ("NCPD-AFU"), where I
have been assigned since April 2007. Since June 2011, I
have been assigned to the New York Asset Forfeiture Task
Force ("NYAFTF") at the Internal Revenue Service, Criminal
investigation Division ("IRS-CID") in the New York Field
Office.

        2.    I began my law enforcement career as a Police
Officer with the New York City Police Department ("NYPD")
in April 1985 and in March 1995 I was appointed to the

1

NCPD. Since my assignment to the NYAFTF, I have participated in the investigation of violations of the Bank Secrecy Act (codified in Title 31, United States Code), the Money Laundering Control Act (codified in Title 18, United States Code), and related offenses.

3.    This affidavit is made in support of an application for a seizure warrant for any and all funds on deposit in the New York Commercial Bank account number 130019071, located in Ronkonkoma, New York, held in the name of Bi-County Distributors Inc. (the "Subject Account"), up to and including $1,476,992.00, and all proceeds traceable thereto.

4.    The facts and information in this affidavit are based upon my personal knowledge and observations and the review of bank records by myself and other law enforcement personnel involved in this investigation.

5.    Because this affidavit is submitted solely for the purpose of obtaining a warrant to seize certain funds in the Subject Account, it is not intended to include each and every fact and matter observed by me or known to the government.

<u>STATUTORY AND REGULATORY FRAMEWORK</u>

6.    Pursuant to 31 U.S.C. § 5313(a)¹ and its related regulations, when a domestic financial institution,

2

including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution. CTRs are filed with the Financial Crimes Enforcement Network (FinCEN") at the Detroit Data Center on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during any single business day.

7. Based on my training and experience, many individuals involved in illegal activities, such as narcotics trafficking, tax evasion, and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs

in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making cash deposits or withdrawals in amounts less than $10,000.01 on the same day or on consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

8.    Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (1) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (2) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (3) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

9.    Further, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10.    In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds

4

involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## INVESTIGATORY BACKGROUND

11.   Bi-County Distributors, Inc. ("Bi-County") is a tobacco & candy distributor located at 33 Comac Loop, Unit #5, Ronkonkoma, New York.   According to a search of the public records and bank records for the Subject Account, Jeffrey Hirsch (Chairman and President), Mitchell Hirsh (Vice-President) and Richard Hirsh (Treasurer) are officers of Bi-County and are the signatories on the Subject Account.

12.   Based on the government's investigation, as detailed below, the Subject Account has been involved in structuring activity aggregating to approximately $1,476,992.00 during the period from on or about May 23, 2011 through on or about March 28, 2012.

## STRUCTURING ACTIVITY

13.   Based on a review of the bank records that were obtained during the course of this investigation, law enforcement has determined that from on or about May 23, 2011 through on or about March 28, 2012, there were approximately one hundred sixty-five (165) structured cash deposits made into the Subject Account totaling

approximately $1,476,992.00 in Ronkonkoma, NY and elsewhere. As reflected below, many of the deposits were made on consecutive business days at multiple branches of New York Commercial Bank, and were in amounts of less than $10,000.01, an amount that would have triggered the filing of a CTR. The amount and frequency of these structured deposits, made at multiple branches of New York Commercial Bank, is indicative of the intent to structure transactions to avoid the currency transaction reporting requirements.

14.  The chart below sets forth the dates, amounts and day of the structured cash deposits into the Subject Account beginning on or about May 23, 2011 and ending on or about March 28, 2012.

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT | DAY OF WEEK |
|---|---|---|
| 5/23/2011 | $8,980.00 | Monday |
| 5/24/2011 | $6,330.00 | Tuesday |
| 5/25/2011 | $7,215.00 | Wednesday |
| 5/27/2011 | $9,500.00 | Friday |
| 5/31/2011 | $7,300.00 | Tuesday |
| 6/02/2011 | $6,160.00 | Thursday |
| 6/03/2011 | $9,750.00 | Friday |
| 6/06/2011 | $8,900.00 | Monday |
| 6/07/2011 | $9,200.00 | Tuesday |
| 6/08/2011 | $9,250.00 | Wednesday |

| | | |
|---|---|---|
| 6/09/2011 | $9,800.00 | Thursday |
| 6/10/2011 | $9,500.00 | Friday |
| 6/13/2011 | $9,250.00 | Monday |
| 6/14/2011 | $8,250.00 | Tuesday |
| 6/15/2011 | $8,770.00 | Wednesday |
| 6/16/2011 | $6,880.00 | Thursday |
| 6/20/2011 | $9,772.00 | Monday |
| 6/21/2011 | $9,900.00 | Tuesday |
| 6/22/2011 | $8,250.00 | Wednesday |
| 6/23/2011 | $9,300.00 | Thursday |
| 6/24/2011 | $9,600.00 | Friday |
| 6/27/2011 | $9,900.00 | Monday |
| 6/28/2011 | $8,970.00 | Tuesday |
| 6/29/2011 | $9,600.00 | Wednesday |
| 7/01/2011 | $9,500.00 | Friday |
| 7/06/2011 | $7,970.00 | Wednesday |
| 7/07/2011 | $7,250.00 | Thursday |
| 7/08/2011 | $9,600.00 | Friday |
| 7/12/2011 | $9,500.00 | Tuesday |
| 7/13/2011 | $8,250.00 | Wednesday |
| 7/14/2011 | $9,910.00 | Thursday |
| 7/15/2011 | $8,880.00 | Friday |
| 7/18/2011 | $9,770.00 | Monday |
| 7/19/2011 | $8,950.00 | Tuesday |
| 7/20/2011 | $9,400.00 | Wednesday |

| | | |
|---|---|---|
| 7/21/2011 | $9,500.00 | Thursday |
| 7/22/2011 | $9,055.00 | Friday |
| 7/25/2011 | $9,750.00 | Monday |
| 7/26/2011 | $9,250.00 | Tuesday |
| 7/27/2011 | $9,715.00 | Wednesday |
| 7/28/2011 | $8,850.00 | Thursday |
| 7/29/2011 | $8,000.00 | Friday |
| 8/01/2011 | $9,703.00 | Monday |
| 8/02/2011 | $8,258.00 | Tuesday |
| 8/04/2011 | $9,500.00 | Thursday |
| 8/05/2011 | $9,500.00 | Friday |
| 8/08/2011 | $9,851.00 | Monday |
| 8/09/2011 | $9,750.00 | Tuesday |
| 8/11/2011 | $6,840.00 | Thursday |
| 8/12/2011 | $7,250.00 | Friday |
| 8/15/2011 | $9,000.00 | Monday |
| 8/16/2011 | $9,250.00 | Tuesday |
| 8/18/2011 | $9,000.00 | Thursday |
| 8/23/2011 | $9,650.00 | Tuesday |
| 8/24/2011 | $8,880.00 | Wednesday |
| 8/25/2011 | $9,500.00 | Thursday |
| 8/26/2011 | $9,050.00 | Friday |
| 8/29/2011 | $9,250.00 | Monday |
| 9/01/2011 | $8,250.00 | Thursday |
| 9/02/2011 | $9,700.00 | Friday |

| 9/08/2011 | $9,590.50 | Thursday |
|-----------|-----------|----------|
| 9/12/2011 | $9,750.00 | Monday |
| 9/13/2011 | $7,500.00 | Tuesday |
| 9/15/2011 | $9,500.00 | Thursday |
| 9/19/2011 | $7,254.00 | Monday |
| 9/20/2011 | $9,480.00 | Tuesday |
| 9/21/2011 | $9,600.00 | Wednesday |
| 9/26/2011 | $6,900.00 | Monday |
| 9/27/2011 | $5,550.00 | Tuesday |
| 10/03/2011 | $9,650.00 | Monday |
| 10/04/2011 | $9,700.00 | Tuesday |
| 10/06/2011 | $7,700.00 | Thursday |
| 10/07/2011 | $9,750.00 | Friday |
| 10/11/2011 | $9,000.00 | Tuesday |
| 10/13/2011 | $6,500.00 | Thursday |
| 10/14/2011 | $9,600.00 | Friday |
| 10/17/2011 | $9,500.00 | Monday |
| 10/18/2011 | $9,900.00 | Tuesday |
| 10/21/2011 | $9,250.00 | Friday |
| 10/27/2011 | $8,880.00 | Thursday |
| 10/28/2011 | $9,006.00 | Friday |
| 10/31/2011 | $9,850.00 | Monday |
| 11/01/2011 | $7,980.00 | Tuesday |
| 11/03/2011 | $8,750.00 | Thursday |
| 11/07/2011 | $9,802.00 | Monday |

| | | |
|---|---|---|
| 11/08/2011 | $9,502.00 | Tuesday |
| 11/09/2011 | $9,750.00 | Wednesday |
| 11/10/2011 | $7,800.00 | Thursday |
| 11/14/2011 | $9,400.00 | Monday |
| 11/15/2011 | $9,500.00 | Tuesday |
| 11/16/2011 | $7,250.00 | Wednesday |
| 11/17/2011 | $9,260.00 | Thursday |
| 11/18/2011 | $9,090.00 | Friday |
| 11/22/2011 | $8,750.00 | Tuesday |
| 11/23/2011 | $9,250.00 | Wednesday |
| 11/25/2011 | $7,750.00 | Friday |
| 11/28/2011 | $9,640.00 | Monday |
| 11/29/2011 | $9,460.00 | Tuesday |
| 11/30/2011 | $9,900.00 | Wednesday |
| 12/01/2011 | $9,360.00 | Thursday |
| 12/05/2011 | $9,220.00 | Monday |
| 12/06/2011 | $6,940.00 | Tuesday |
| 12/07/2011 | $7,000.00 | Wednesday |
| 12/08/2011 | $9,090.00 | Thursday |
| 12/09/2011 | $9,880.00 | Friday |
| 12/12/2011 | $9,000.00 | Monday |
| 12/13/2011 | $9,735.00 | Tuesday |
| 12/14/2011 | $9,150.00 | Wednesday |
| 12/15/2011 | $7,500.00 | Thursday |
| 12/16/2011 | $6,300.00 | Friday |

| | | |
|---|---|---|
| 12/21/2011 | $9,500.00 | Wednesday |
| 12/22/2011 | $9,250.00 | Thursday |
| 12/27/2011 | $9,750.00 | Tuesday |
| 12/28/2011 | $9,650.00 | Wednesday |
| 12/29/2011 | $9,700.00 | Thursday |
| 1/03/2012 | $9,250.00 | Tuesday |
| 1/04/2012 | $9,650.00 | Wednesday |
| 1/05/2012 | $7,550.00 | Thursday |
| 1/06/2012 | $9,090.00 | Friday |
| 1/09/2012 | $9,256.00 | Monday |
| 1/10/2012 | $9,380.00 | Tuesday |
| 1/11/2012 | $8,880.00 | Wednesday |
| 1/12/2012 | $9,255.50 | Thursday |
| 1/13/2012 | $9,900.00 | Friday |
| 1/17/2012 | $9,500.00 | Tuesday |
| 1/20/2012 | $9,750.00 | Friday |
| 1/23/2012 | $9,250.00 | Monday |
| 1/24/2012 | $9,920.00 | Tuesday |
| 1/25/2012 | $8,900.00 | Wednesday |
| 1/27/2012 | $9,770.00 | Friday |
| 1/30/2012 | $8,900.00 | Monday |
| 1/31/2012 | $7,501.00 | Tuesday |
| 2/06/2012 | $9,250.00 | Monday |
| 2/07/2012 | $9,550.00 | Tuesday |
| 2/09/2012 | $9,771.00 | Thursday |

11

| | | |
|---|---|---|
| 2/10/2012 | $9,500.00 | Friday |
| 2/13/2012 | $9,000.50 | Monday |
| 2/14/2012 | $9,850.00 | Tuesday |
| 2/15/2012 | $9,950.00 | Wednesday |
| 2/16/2012 | $7,750.00 | Thursday |
| 2/17/2012 | $9,203.00 | Friday |
| 2/21/2012 | $9,750.00 | Tuesday |
| 2/23/2012 | $9,004.00 | Thursday |
| 2/24/2012 | $9,360.00 | Friday |
| 2/27/2012 | $8,250.00 | Monday |
| 2/29/2012 | $9,900.00 | Wednesday |
| 3/01/2012 | $7,900.00 | Thursday |
| 3/02/2012 | $9,500.50 | Friday |
| 3/05/2012 | $9,500.00 | Monday |
| 3/06/2012 | $8,602.00 | Tuesday |
| 3/07/2012 | $9,300.00 | Wednesday |
| 3/08/2012 | $8,550.00 | Thursday |
| 3/12/2012 | $9,770.00 | Monday |
| 3/13/2012 | $9,880.00 | Tuesday |
| 3/14/2012 | $9,360.00 | Wednesday |
| 3/15/2012 | $9,850.00 | Thursday |
| 3/16/2012 | $9,820.00 | Friday |
| 3/19/2012 | $9,350.00 | Monday |
| 3/20/2012 | $7,550.00 | Tuesday |
| 3/21/2012 | $7,800.00 | Wednesday |

| 3/22/2012 | $8,900.00 | Thursday |
|---|---|---|
| 3/23/2012 | $9,250.00 | Friday |
| 3/26/2012 | $9,750.00 | Monday |
| 3/27/2012 | $6,940.00 | Tuesday |
| 3/28/2012 | $6,750.00 | Wednesday |
| | | |
| **TOTAL:** | $1,476,992.00 | |

15.  Based on my training and experience, the pattern of consecutive day cash deposits as reflected above, which are just below the threshold requiring the filing of a CTR, is consistent with structuring.

16.  Based on a review of the bank records for the Subject Account for the period beginning on or about May 23, 2011 and ending on or about March 28, 2012, there were no cash deposits over $10,000.01 into the Subject Account.

CONCLUSION

17.  Based on the foregoing investigation, the Subject Account was involved in structuring activity in the amount of approximately $1,476,992.00 during the period from on or about May 23, 2011 through on or about March 28, 2012.

18.  As a result, there is a probable cause to believe that all funds on deposit in the Subject Account, up to and including $1,476,992.00 and all funds traceable thereto,

are subject to forfeiture pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 984. Thus, a warrant is sought for this amount.

19.  A restraining order, pursuant to 21 U.S.C. § 853(e), will not be sufficient to preserve the assets in question given the ease with which funds may move out of the Subject Account via wire transfer, electronic funds transfer, or otherwise

20.  Accordingly, I respectfully request that the Court issue a seizure warrant for the Subject Account pursuant to 21 U.S.C. § 853(f) and 18 U.S.C. § 981.

Michael Kearns
Detective, Nassau County Police
Internal Revenue Service (NYAFTF)

Sworn to before me this
___ day of May, 2012

HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK